IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROBERT L. FERLUGA,

      Plaintiff,

      v.                              Case No.  05-2338-JWL

STEPHANIE EICKHOFF, et al.,

      Defendants.

_____


**MEMORANDUM AND ORDER**

      Plaintiff Robert L. Ferluga filed this lawsuit based on allegations that various city officials and related individuals acted in concert to prevent his desired use of a tract of land that he owns in Edwardsville, Kansas.  On April 7, 2006, this court issued a Memorandum and Order (doc. #76) dismissing with prejudice Mr. Ferluga's claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.  This matter is presently before the court on Mr. Ferluga's motion to alter or amend that order (doc. #78).  Related to the court's resolution of this motion is his motion seeking leave to file an amended complaint to reassert his RICO claim (doc. #95), and therefore the court also will rule on that motion.  For the reasons explained below, the court will grant in part and deny in part Mr. Ferluga's motion to alter or amend, the court will deny his pending motion to amend, but the court will grant him leave to file a third amended complaint under the circumstances set forth below on or before **July 6, 2006**, reasserting his RICO claim and continuing to assert his claims pursuant to 42 U.S.C. § 1983.

Mr. Ferluga's RICO claim has already been the subject of considerable attention by the parties and the court.   Defendants initially moved to dismiss his RICO claim in his original complaint.   The court granted those motions, but granted plaintiff leave to file an amended complaint reasserting the claim.   *See generally Ferluga v. Eickhoff*, 408 F. Supp. 2d 1153 (D. Kan. 2006).   Mr. Ferluga then filed an amended complaint reasserting his RICO claim.   Again, defendants moved to dismiss the claim and, again, the court granted their motions.   *See generally* Memorandum and Order Dated April 7, 2006 (doc. #76).   That time, the court dismissed Mr. Ferluga's RICO claim with prejudice but granted him leave to file a second amended complaint asserting § 1983 claims.   With respect to Mr. Ferluga's RICO claim, the court held that he had adequately alleged RICO predicate acts of extortion with respect to the incidents concerning his land, the land formerly owned by the Trouts, and the incident involving the city playground contract with Victor G. Construction.   *Id.* at 6-14.   But, the court held that Mr. Ferluga's amended complaint nonetheless failed to state a RICO claim because these predicate acts were insufficient as a matter of law to establish the requisite pattern of racketeering activity.   *Id*. at 14-21.   For the sake of brevity, the court will presume familiarity with the court's prior orders on this matter and will focus its attention on the arguments Mr. Ferluga has now raised.   Mr. Ferluga has filed two motions relating to his RICO claim.   First, he has filed a motion to alter or amend the court's April 7, 2006, Memorandum and Order in which the court dismissed his RICO claim with prejudice.   Additionally, he seeks leave to file an amended complaint to reassert his RICO claim.

2

Although Mr. Ferluga styled the first of these two motions as a motion to alter or amend, the court will not construe this motion as one to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure or as a motion for relief from final judgment under Rule 60(b) because no judgment has been entered in this case. The court also will not construe the motion as a motion seeking reconsideration under District of Kansas Rule 7.3(b) because that rule only applies to non-dispositive orders and the court's order was a dispositive one. Neither the Federal Rules of Civil Procedure nor this court's local rules recognize a motion for reconsideration when it contemplates a dispositive order. *Nyhard v. U.A.W. Int'l*, 174 F. Supp. 2d 1214, 1216 (D. Kan. 2001). Nonetheless, it is well within the court's discretion to revise an interlocutory order at any time prior to the entry of final judgment. Fed. R. Civ. P. 54(b); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). Consequently, the court will treat the motion as a motion for reconsideration based on the court's inherent power to review its interlocutory orders. In doing so, the court will apply the legal standards applicable to a Rule 59(e) motion to alter or amend and/or a motion to reconsider a non-dispositive order under D. Kan. Rule 7.3, which are essentially identical.

A motion seeking reconsideration "shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating these same three grounds for a Rule 59(e) motion). Thus, a motion for reconsideration is appropriate where the court has misapprehended the

facts, a party's position, or the controlling law. *Servants of Paraclete*, 204 F.3d at 1012. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id.* at 1012.

In this case, Mr. Ferluga contends that the court committed clear error by dismissing his RICO claim. The court has carefully reviewed Mr. Ferluga's amended complaint, the court's order dismissing the RICO claim in his amended complaint, and the arguments he now asserts in his motion to alter or amend. These arguments are largely a rehash of the arguments he previously asserted or are arguments that he could have asserted in opposition to defendants' motions to dismiss his RICO claim. For example, he points out that he "alleged PAGES of unreasonable demands made on him." The court considered all of these allegations and found that he alleged a single predicate act of extortion with respect to his property insofar as he was alleging that defendants' actions were geared toward forcing him to sell his property. The court did not find that he had alleged several predicate acts pursuant to a single scheme, as he now suggests. The court also concluded that his vague and conclusory allegations of bribery and extortion did not constitute predicate acts and that his allegations concerning the defendants' alleged "obstructionist tactics" were not actionable under the Supreme Court's holding in *Scheidler v. National Organization for Women, Inc.*, 537 U.S. 393 (2003). Mr. Ferluga also contends that the defendants comprised an "association-in-fact." This argument, however, is irrelevant because it goes to the "enterprise" element of a RICO claim. The court's decision rested on plaintiff's failure to satisfy the "pattern" element of a RICO claim; the court did not even discuss whether he had satisfied the "enterprise" element. Mr. Ferluga raises a

4

myriad of other arguments, all of which the court already considered and rejected in its prior order or which Mr. Ferluga could have but failed to raise at that time.  Suffice it to say that a motion to reconsider is not an opportunity to rehash previously rejected arguments or to offer new legal theories or facts.  *Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005).  It is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.  *Id.*  Accordingly, the court denies Mr. Ferluga's motion to reconsider in the sense that the court will not reconsider its order granting the defendants' motions to dismiss.

With that being said, however, Mr. Ferluga now raises some fact-based arguments which seem to suggest that he wishes to amend his RICO claim.  For example, he now argues that the defendants' scheme against him was only interrupted by plaintiff filing this lawsuit against them.  Plaintiff, however, did not include this allegation in his amended complaint and this consideration may be pertinent to the court's analysis of RICO's "pattern" element.  Also, he now makes more detailed factual arguments concerning Councilman Broman finding a firm to charge him to get rid of the fill material on the site.  Again, his amended complaint contained no such factual allegations.  He also contends that VG Construction has a history of being awarded contracts under circumstances other than open and impartial bidding.  Once again, his amended complaint contained no such allegations.  And, plaintiff now argues more details concerning the alleged scheme involving Margaret Pavacich's property.  Collectively, these allegations might change the court's analysis of the predicate acts and, consequently, the court's analysis of RICO's "pattern" element.  Along these same lines, Mr. Ferluga has filed

5

a motion seeking leave to file an amended complaint to reassert his RICO claim (doc. #95). In this motion, he contends that new evidence has surfaced concerning his RICO claim. According to Mr. Ferluga, defendant John Bayless, the alleged contract city engineer, informed potential developers that they must retain his services or their proposal "will hit the dirt." This same development proposal involves land belonging to Ms. Pavacich and, almost simultaneously with the appearance of this development, the city began to harass Ms. Pavacich with code enforcement measures.

The Federal Rules of Civil Procedure state that leave to amend is to "be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to grant leave to amend is within the discretion of the district court. *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The court may justifiably refuse leave to amend on the grounds of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Here, defendants ask the court to deny Mr. Ferluga leave to amend on the grounds of his repeated failure to cure deficiencies by amendments previously allowed and the arguable futility of the proposed amendment. The court rejects both arguments. Admittedly, plaintiff has repeatedly failed to cure the deficiencies in his RICO claim by amendments the court has previously allowed. But, nonetheless, the court discounts this consideration because of plaintiff's status as a pro se

6

litigant as well as the early stage of this litigation.[1]  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (citing case law for the proposition that the district court should not dismiss a pro se complaint without leave to amend if the defects can be cured by amendment). Insofar as defendants' futility argument is concerned, the court is not persuaded that the proposed amendment would necessarily be futile.  In the court's view, Mr. Ferluga's amended complaint fell short, but candidly came close, to stating a RICO claim.  Based on the arguments that Mr. Ferluga now raises, the court cannot say that it appears beyond a doubt that he could prove no set of facts which would entitle him to relief if he were allowed to amend his complaint.  Consequently, the court believes that the most appropriate course of action at this procedural juncture is to allow plaintiff the opportunity to file a third amended complaint.  The court therefore will uphold its previous order granting the defendants' motions to dismiss, but it will grant plaintiff's motion to reconsider in the sense that it will dismiss plaintiff's RICO claim without prejudice to plaintiff filing a third amended complaint on or before **July 6, 2006**, reasserting his RICO claim.

In granting plaintiff leave to file a third amended complaint reasserting his RICO claim, the court wishes to clarify a few additional matters.  The RICO claim that plaintiff asserts in his third amended complaint will once again be subject to attack by Rule 12(b)(6) motions to dismiss by the defendants.  In attempting to foreshadow the analysis that the court probably will have to undertake once again, the court simply wishes to advise Mr. Ferluga that it would help

---

[1] It appears from the docket sheet that no discovery has taken place yet.

the court in analyzing his RICO claim if he would clarify—in the third amended complaint **itself**, not in the argument portion of subsequent legal memoranda—the precise nature of the predicate acts that he is alleging.   For example, in his current motion to alter or amend he contends that his "misfortunes are identified as a SET of predicate acts" and that he "is a victim of several separate acts of Extortion pursuant to one scheme to deprive him of his property." But his complaint has never alleged as much.   Rather, when considering the allegations in plaintiff's amended complaint, the court went to great efforts to parse through sixty-two pages of rambling allegations in an attempt to afford Mr. Ferluga the greatest degree of latitude possible and extract the broadest array of predicate acts imaginable based on the facts alleged in his amended complaint.   If Mr. Ferluga truly believes that the events set forth in his complaint involve additional predicate acts other than those that the court has been able to discern thus far, he should clearly state as much in his third amended complaint with respect to **each** incident that he contends constituted a RICO predicate act.

Additionally, it would help the court in analyzing his RICO claim if he would label each predicate act with one or more of the crimes set forth in 18 U.S.C. § 1961(1) (e.g., bribery, extortion, money laundering, etc.).   As the court has previously stated, RICO predicate acts only include those crimes specifically set forth in § 1961(1).   Notably absent from this list of enumerated crimes is the overwhelming majority of plaintiff's more generalized allegations such as "obstructionist tactics," harassment, and stonewalling.   Simply put, these allegations are not **crimes**.   Consequently, they are not RICO predicate acts.   Plaintiff has alleged other shady activities (e.g., the IGA loan scheme) which could conceivably constitute some type of

8

crime, but the only type of criminal activity he has ever alleged in this lawsuit is bribery and extortion. To the extent that Mr. Ferluga believes that those other incidents might constitute some other type of criminal behavior set forth in § 1961(1), he should specifically state as much in his third amended complaint.

With respect to plaintiff's more generalized allegations of extortion, he is reminded that the Supreme Court in *Scheidler* held that the defendants' actions of interfering with, disrupting, and shutting down property was insufficient as a matter of law to constitute extortion. 537 U.S. at 405. Rather, a person must either pursue or receive something of value "that they could exercise, transfer, or sell." *Id. Scheidler* is the controlling case on this issue. Any lower court decision which suggests to the contrary and which pre-dates *Scheidler* (a 2003 case) is no longer good law. Consequently, plaintiff's allegations of extortion will only be valid insofar as he alleges that the defendants were seeking to obtain something of value from him or someone else.

Along these same lines, plaintiff once again contends that his allegations in this case are like the facts of *DeFalco v. Bernas*, 244 F.3d 286 (2d Cir. 2001). *DeFalco* also involved public officials' alleged interference with a real estate developer's tract of land. But, in that case, the public officials were not so much seeking to obtain the land tract itself as they were seeking to obtain other property from the plaintiff during his development process. For example, the town supervisor told the developer to hire specific people or companies to perform various functions, and directed the developer to pay them in certain, often indirect, ways. *Id.* at 295. "Each time a demand was made and DeFalco resisted, the defendants used

9

their political power to impede the development or otherwise harm the plaintiffs.   Conversely,

each time DeFalco complied with a demand, he was 'rewarded' by having the development

project proceed."   *Id.* at 296.   In *DeFalco*, the defendants were seeking to obtain something

of value from the plaintiff land developer such as money, a truck, tires, or gravel.   By contrast,

here, plaintiff has never yet alleged any **facts** (as opposed to generalized suspicions and

conclusory allegations) that would permit a reasonable inference that defendants were

attempting to obtain anything of value from him other than the land itself.   If plaintiff has a

good faith basis for alleging that the defendants were attempting to obtain something else of

value from him, as opposed to merely attempting to interfere with his development, then he

should specifically allege as much in his third amended complaint.

Plaintiff also contends that the court should allow his claims to go forward because he

wants to conduct discovery on certain matters, for example, with respect to the IGA loan

scheme.   In support of this contention, he cites Rule 11(b)(3) of the Federal Rules of Civil

Procedure.   But that rule does not state that a party is entitled to discovery simply by stating

that he or she wants to conduct discovery on an issue.   Rather, that rule deals with the nature

of an attorney's or an unrepresented party's representations to the court.   By presenting a

particular document to the court, an attorney or unrepresented party (such as Mr. Ferluga) is

representing to the court "that to the best of the person's knowledge, information, and belief,

formed after an inquiry reasonable under the circumstances— . . . (3) the allegations and other

factual contentions have evidentiary support or, if specifically so identified, are likely to have

evidentiary support after a reasonable opportunity for further investigation or discovery."   Fed.

10

R. Civ. P. 11(b)(3).  Thus, if Mr. Ferluga were to allege, for example, that the IGA loan scheme constituted one of the predicate acts set forth in § 1961(1), then he would be entitled to conduct discovery on this issue.  But, he could only state such an allegation if he believed to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the allegation had evidentiary support or was likely to have evidentiary support after an opportunity for discovery.  In his amended complaint, he alleged nothing more than that the city made a loan to IGA, the IGA bookkeeper expressed concern about the loan, and he wanted to conduct discovery to investigate the circumstances surrounding the loan.  Unless he is willing and able to make an affirmative representation of illegal conduct, which is consistent with his ethical obligation to the court as set forth in Fed. R. Civ. P. 11(b)(3), he is not entitled to discovery simply because he would like to see if discovery reveals that illegal conduct occurred.

At one point in plaintiff's reply memorandum, he suggests that "some redundancy might be helpful" to the court.  The court simply wishes to dispel this notion.  A complaint need only contain "a short and plain statement of the claim" consisting of "simple, concise, and direct" allegations.  Fed. R. Civ. P. 8(a)(2), (e).  The complaint should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The court recognizes that Mr. Ferluga is being put to a formidable challenge attempting to bring complex litigation as a pro se litigant, but it would be helpful to the court in attempting to understand and evaluate his RICO claim if he would

seek to frame his averments as directly as possible; redundancy and verbosity are to be strictly avoided. Unnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage.

5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1281, at 708-09 (3d ed. 2004).

Lastly, the court wishes to clarify that, although it is granting plaintiff leave to file a third amended complaint, it is not granting plaintiff's motion to amend. This court's local rules require that the proposed pleading must be attached to a motion to amend. *See* D. Kan. Rule 15.1. Plaintiff did not attach his proposed amended complaint to his motion to amend or his memorandum in support of his motion to amend (docs. #95 & #96). Accordingly, his motion to amend is denied for failure to comply with this local rule. But, again, to clarify, the court is granting plaintiff's motion to reconsider in the sense that it is dismissing plaintiff's RICO claim without prejudice to plaintiff filing a third amended complaint reasserting his RICO claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Ferluga's motion to alter or amend (doc. #78) is granted in part and denied in part. It is denied in the sense that the court will not reconsider that portion of its prior ruling in which it dismissed Mr. Ferluga's RICO claim, but it is granted in the sense that the court will vacate that portion of its ruling dismissing that claim with prejudice. Instead, the court dismisses that claim without prejudice

12

to plaintiff filing a third amended complaint on or before **July 6, 2006**, reasserting his RICO

claim and continuing to assert his § 1983 claims.


        **IT IS FURTHER ORDERED** that Mr. Ferluga's motion seeking leave to file an

amended complaint (doc. #95) is denied.


        **IT IS SO ORDERED** this 19th day of June, 2006.


                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge