IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT L. FERLUGA,**

    **Plaintiff,**

    v.                          Case No.  05-2338-JWL

**STEPHANIE EICKHOFF, et al.,**

    **Defendants.**

_____

**MEMORANDUM AND ORDER**

Plaintiff Robert L. Ferluga filed this lawsuit based on allegations that various city officials and related individuals acted in concert to prevent his desired use of a tract of land that he owns in Edwardsville, Kansas. His second amended complaint asserts claims against a myriad of individuals allegedly associated with the City of Edwardsville pursuant to 42 U.S.C. § 1983 for various violations of his constitutional rights to due process and equal protection of the law, retaliation for exercising his constitutional rights, and malicious prosecution. This matter is before the court on defendant Murray Rhodes d/b/a Rhodes Surveyors, Inc.'s motion to dismiss plaintiff's second amended complaint (Doc. #92). By way of this motion, defendant Rhodes contends that plaintiff's complaint fails to state a claim against him because he is a private party and plaintiff's complaint does not allege facts from which it can be inferred that he was acting under color of state law, as required for a § 1983 claim. For the reasons explained below, the court disagrees and therefore will deny defendant Rhodes' motion

## FACTUAL AND PROCEDURAL BACKGROUND[1]

The general nature of plaintiff's claims and allegations in this case as well as the procedural history of plaintiff's pleadings in this case is discussed in a series of prior orders by the court. *See generally Ferluga v. Eickhoff*, Case No. 05-2338, 2006 WL 1712973, at *1-*6 (D. Kan. June 19, 2006); Memorandum and Order (doc. # 76); *Ferluga v. Eickhoff*, 408 F. Supp. 2d 1153 (D. Kan. 2006). At this procedural juncture, plaintiff's allegations concerning defendant Rhodes are at issue. The court will confine its discussion and analysis accordingly.

Plaintiff's allegations with respect to defendant Rhodes are not particularly lengthy. The court therefore sets forth those allegations in their entirety, quoting verbatim from his complaint (including grammatical and typographical errors):

> Murray Rhodes, long time Wyandotte County elected County Surveyor, acted in symbiotic role with defendants to delay and escalate costs of Plaintiff's project by means of fraudulent practices, as he allegedly perpetrated on another project being attempted by Mr. David Wilson. City Clerk required Plaintiff to hire licensed surveyor to stake his planned garage (a requirement waived for others). On Oct. 22, 2003, Murray Rhodes, former Wyandotte County Surveyor, dba Rhodes Surveyors prepared a contract based on the understanding that, for a fixed amount, he take all steps to perform the survey work needed to obtain a Building Permit.
>
> There was no provision for escalation of costs. Defendant, Rhodes, claiming to have begun that survey, wrote he had just learned "the boundaries to be considerably different from the possession lines." He then prepared a revised contract dated Nov. 26, 2003, increasing the cost to $1852.00. May 19, 2004, he submitted a bill for $3,365.25. Later a Wyandotte County Base Map

---

[1] Consistent with the well established standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts as true all well pleaded factual allegations in plaintiff's second amended complaint (doc. #81).

2

>(which may even have been prepared in all or part by him, but any rate this widely circulated map had to have been known to him and his other immediately recent surveys very nearby would also alert him to primitive conditions in the area) revealed it was long known the boundaries to be considerably different from the possession lines.  When informed by Plaintiff letter of January 18 that his deception had been discovered, he responded by letter of February 2, 2005: "Further you signed our revised contract dated Nov. 26, 2003, increasing the cost of the survey to $1852.00.  We expect payment in that amount in accordance with the signed contract."  Plaintiff was prevented from starting his garage which, when completed, would have saved him over $838.00 monthly storage cost, damaged by more delay in developing his site and threatened with duplicate survey costs.
>   Discovery and investigation should reveal a pattern of low-ball bids followed by escalation.
>   Symbiotic relationship.  Corrupt City Officials were using financial injury of Plaintiff to force Plaintiff to liquidate his property.  Any gouging by cronies furthered this goal.

Pl.'s Second Am. Compl. (doc. #81), ¶ 46, at 48-50.

Defendant Rhodes now asks the court to dismiss plaintiff's § 1983 claim against him on the grounds that plaintiff's complaint fails to state a claim upon which relief can be granted against him.  Defendant Rhodes contends that plaintiff hired him to do a professional survey of his property.  As such, he was simply a private surveyor who was acting as an independent contractor.  Defendant Rhodes contends that plaintiff does not allege facts from which it can be inferred that defendant Rhodes was acting under color of state law, as required to state a § 1983 claim.

**STANDARD FOR A MOTION TO DISMISS**

The court will dismiss a cause of action for failure to state a claim only when "'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her]

3

claims which would entitle him [or her] to relief,'" *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Beedle*, 422 F.3d at 1063. The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted); *accord Beedle*, 422 F.3d at 1063.

When, as here, a plaintiff is proceeding pro se, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001); *accord Shaffer v. Saffle*, 148 F.3d 1180, 1181 (10th Cir. 1998) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In other words, "[n]ot every fact must be described in specific detail, . . . and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him should be allowed to amend his complaint." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (quotation omitted). The liberal construction of the plaintiff's complaint, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* (same). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* (same).

4

## DISCUSSION

"To state a valid cause of action under § 1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the Constitution and laws of the United States while the defendant was acting under color of state law." *Garcia v. Lemaster*, 439 F.3d 1215, 1217 (10th Cir. 2006) (quotation omitted). Thus, the only proper defendants in a § 1983 claim are those who represent the state in some capacity. *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000). A defendant does not need to be an officer of the state in order to act under color of state law for purposes of § 1983 liability. *Id.* Private individuals and entities may be deemed state actors if they have acted together or have obtained significant aid from state officials, or if their conduct is otherwise chargeable to the state. *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002). "[C]ourts have applied four separate tests to determine whether a private party acted under color of law in causing an alleged deprivation of federal rights: (1) the nexus test; (2) the symbiotic relation test; (3) the joint action test; and (4) the traditional public powers test or public functions test." *Sigmon*, 234 F.3d at 1125. If any of the four tests indicates that the defendant is a state actor, that alone is sufficient to find the defendant a state actor. *See Anaya v. Crossroads Managed Care Sys., Inc.*, 195 F.3d 584, 596 (10th Cir. 1999).

At first blush, the specific language used in the allegations in plaintiff's complaint seems to suggest that he is attempting to state a claim against defendant Rhodes under a symbiotic relationship theory. The symbiotic relationship test is satisfied if the state "so far

5

insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity." *Rodrigues*, 293 F.3d at 1204 (quotations omitted). "[U]nder this approach, a state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state." *Id.* (quotations omitted). The seminal case on the symbiotic relationship test is *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961). Without delving into an unnecessary discussion of the facts of *Burton* here, suffice it to say that subsequent Supreme Court decisions have read *Burton*'s symbiotic relationship test narrowly. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1451 (10th Cir. 1995). The Court has held that extensive state regulation, the receipt of substantial state funds, and the performance of important public functions do not necessarily establish the kind of symbiotic relationship between the government and a private entity that is required for state action. *Id.*

In this case, although plaintiff uses the words "symbiotic relationship" in the portion of his complaint concerning defendant Rhodes, it is nothing more than a conclusory allegation. He has alleged no facts from which it can be inferred that the City has insinuated itself into a position of interdependence with defendant Rhodes.

Nonetheless, the gist of plaintiff's memorandum in response to defendant Rhodes' motion to dismiss seems to suggest that he also is relying on a joint action theory. "Under the joint action test, state action is also present if a private party is a willful participant in joint action with the State or its agents." *Rodrigues*, 293 F.3d 1196, 1205 (10th Cir. 2002)

(quotations omitted). In this analysis, the court examines "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.* (quotation omitted). State action generally exists if there is a substantial degree of cooperative action between state and private officials or if there is overt and significant state preparation in carrying out the deprivation of the plaintiff's constitutional rights. *Id.*

Because defendant Rhodes has not addressed the possibility that plaintiff's complaint might state a claim against him under a joint action theory, he has not met his Rule 12(b)(6) burden of establishing that he is entitled to dismissal of this claim. Plaintiff alleges that defendant Rhodes was formerly the elected county surveyor. Presumably in that capacity he would have formed relationships with some of the other defendants, most of whom are Edwardsville city officials. If those defendants were defendant Rhodes' "cronies," as plaintiff alleges, then certainly the opportunity for cooperative action between them would have existed. Moreover, the fact that defendant Rhodes may have been price "gouging" plaintiff would be consistent with type of conduct allegedly undertaken by many of the other defendants in attempting to stifle his desired use of his tract of land. Thus, liberally construing the allegations in plaintiff's complaint given his status as a pro se litigant, the court finds that plaintiff has alleged facts such that, drawing all reasonable inferences from those facts in his favor, the court cannot say that it appears beyond a doubt that defendant Rhodes was not acting under color of state law under the joint action test.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Rhodes' motion to dismiss (Doc. #92) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff shall file his third amended complaint as permitted by the court's Memorandum and Order dated June 19, 2006, no later than **July 26, 2006**.

**IT IS SO ORDERED** this 12th day of July, 2006.

                                                   s/ John W. Lungstrum
                                                   John W. Lungstrum
                                                   United States District Judge