**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROBERT L. FERLUGA,**

    **Plaintiff,**

    **v.**                                                                                                  **Case No.  05-2338-JWL**

**STEPHANIE EICKHOFF, et al.,**

    **Defendants.**

_____

**MEMORANDUM AND ORDER**

Plaintiff Robert L. Ferluga, who is proceeding pro se, filed this lawsuit claiming that various city officials and related individuals acted in concert to prevent his desired use of a tract of land that he owns in Edwardsville, Kansas.  Mr. Ferluga asserts claims against defendants pursuant to 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.  This matter is before the court on the motions for summary judgment by the Eickhoff defendants and defendant Rhodes (docs. #112 & #117, respectively).  In the Eickhoff defendants' reply memorandum, they move to strike plaintiff's memorandum in response to their motion for summary judgment because of the numerous procedural deficiencies in plaintiff's response.  For the reasons explained below, the court largely agrees with the Eickhoff defendants' arguments.  Accordingly, the court will strike plaintiff's memorandum in response to their motion and, for essentially the same reasons, will also sua sponte strike plaintiff's memorandum in response to defendant

Rhodes' motion for summary judgment. Plaintiff is directed, on or before **November 17, 2006**, to file a motion seeking appointment of counsel or to file new responses in opposition to the defendants' motions for summary judgment, this time in compliance with the procedural and evidentiary rules associated with such motions.

Rule 56 of the Federal Rules of Civil Procedure and this court's local rules, D. Kan. Rule 56.1, govern the presentation of facts and evidence on a motion for summary judgment. In accordance with this court's local rules, in the defendants' motions they have set forth their alleged uncontroverted statements of fact in numbered paragraph format and have referred with particularity to those portions of the record upon which they rely in support of each of those numbered fact paragraphs. D. Kan. Rule 56.1(a). Under the rule, the court will deem each of those facts "admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." *Id.* In order to properly controvert the defendants' statements of fact and/or to add additional facts in opposition to defendants' motions for summary judgment, plaintiff must include a similar statement of facts in his opposing memorandum. Specifically, this court's rules call for the opposing memorandum to "begin with a section that contains a **concise** statement of material facts." *Id.* Rule 56.1(b)(1) (emphasis added). Plaintiff should first state the number of the defendants' fact paragraphs which he disputes and refer with particularity to those portions of the record (such as sworn affidavits by himself or others) upon which he relies to controvert each fact paragraph. *Id.*; *see also* Rule 56.1(e) ("All responses shall fairly meet the substance of the matter asserted."). Additionally, if plaintiff wishes to set forth additional facts not contained

2

in the defendants' numbered fact paragraphs he should "set forth each additional fact in a separately numbered paragraph, supported by references to the record," *id.* Rule 56.1(b)(2), in the same manner defendants presented their uncontroverted statements of fact in their memoranda in support of their motions for summary judgment.

Plaintiff has entirely failed to abide by this format. Neither of his responses contain a separate section with a "concise" statement of material facts. He has not controverted any of the defendants' statements of fact by stating the number of the defendants' fact paragraphs which he disputes. He also has not presented his own factual assertions in numbered paragraph format with proper citation to evidence in the record. Given plaintiff's status as a pro se litigant, the court ordinarily might be willing to grant plaintiff some degree of latitude on this matter. But, given the manner in which plaintiff has presented his opposition to the defendants' motions, the court is unwilling and indeed virtually unable, as a practical matter, to overlook these procedural deficiencies. Plaintiff's memorandum in opposition to the Eickhoff defendants' motion consists of eighty pages of argument, with no clarity between what is fact and what is argument. The statement of material facts itself should consist of nothing but facts; it should not consist of vague and conclusory statements; it should not contain argument about the inferences plaintiff wants the court to draw from the facts; and it should not contain any other argument such as citation to legal authority. After the statement of material facts, then, plaintiff's response memoranda may set forth in a separate section the argument and legal authorities upon which he relies. *See* D. Kan. Rule 7.6(a)(4). The court hereby imposes on plaintiff a thirty-page limit on the argument and

3

authorities section of his brief, which is consistent with the page limitation usually imposed by the court.

Plaintiff's responses are even more troubling because he has largely failed to cite admissible evidence in the record to controvert most of his facts. For each of plaintiff's facts, he must "set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e). More specifically, all such facts "shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answer[s] to interrogatories and responses to requests for admissions." D. Kan. Rule 56.1(d). The court will disregard unsubstantiated conclusory allegations and statements of mere belief. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003) (regarding unsubstantiated conclusory allegations); *Argo v. Blue Cross and Blue Shield of Kan.,* Inc., 452 F.3d 1193, 1200 (10th Cir. 2006) (regarding statements of mere belief, meaning statements that are not based on personal knowledge). If plaintiff is unable to do this because of the stay on discovery, he can pursue the separate procedure outlined in Fed. R. Civ. P. 56(f).

The court could also grant the Eickhoff defendants' motion for the additional reason that plaintiff did not file his response to that motion on time. The Eickhoff defendants filed their motion for summary judgment on August 16, 2006. After being granted two extensions of time, plaintiff's response deadline was September 29, 2006. Even after those two extensions, however, plaintiff still failed to file his response by that deadline. Instead, he did not file it until a few days later on October 2, 2006. When a respondent fails to file a

response within the time allowed, the court may consider the motion uncontested and ordinarily will grant the motion without further notice. D. Kan. Rule 7.4.

The court wishes to reflect upon the extraordinary degree of latitude it believes it has afforded plaintiff to date given his status as a pro se litigant. On January 6, 2006, the court granted the defendants' motions to dismiss plaintiff's RICO claim, but granted him leave to file an amended complaint. On April 7, 2006, the court once again granted defendants' motions to dismiss plaintiff's RICO claim, but this time granted him leave to file a second amended complaint asserting claims under 42 U.S.C. § 1983. On June 19, 2006, the court granted him leave to file a third amended complaint reasserting his RICO claim and continuing to assert his § 1983 claims. And, on July 12, 2006, the court denied defendant Rhodes' motion to dismiss plaintiff's § 1983 claim against him. The current motions, however, involve a much different and more complex procedure than was previously at issue. Although plaintiff may have previously received the benefit of more generous treatment with respect to pleading standards, his pro se status does not absolve him from compliance with the applicable rules of procedure. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."). Given plaintiff's failure to follow these procedures, the court could grant both of the defendants' motions for summary judgment based on the current state of the record.

Plaintiff's third amended complaint (doc. #107) asserts claims against fifteen defendants in seventy-three pages which consist largely of vague and conclusory allegations

and legal arguments. The court has truly endeavored to sift through his allegations in an attempt to understand this case and assess whether his claims might have merit. Clearly, the plaintiff strongly feels aggrieved. But, the court believes plaintiff has probably reached the point in this litigation where he is not able to effectively represent himself, particularly in light of the legal and factual complexity of his claims. Thus, he appears to be a prime candidate for appointment of counsel. If plaintiff would like to file a motion for appointment of counsel, the court would be inclined to grant such a motion under the unique facts and circumstances of this case. Of course, plaintiff has no obligation to file such a motion. Absent such a motion, however, the court will expect him to file responses in opposition to the defendants' motions for summary judgment which comply with the procedural and evidentiary rules associated with such motions.

On a related note, the court will deny plaintiff's Motion for Order Allowing Plaintiff to File Supplemental Pleading (doc. #134). It is unclear to the court whether, by virtue of this motion, plaintiff is seeking leave to amend his complaint or to supplement his response in opposition to the defendants' motions for summary judgment. To the extent that plaintiff might be seeking leave to amend his complaint, the motion is denied because he has failed to comply with D. Kan. Rule 15.1 by attaching a copy of the proposed pleading to the motion. On the other hand, to the extent plaintiff might be wishing to supplement his response in opposition to the defendants' motions for summary judgment, the motion is moot because plaintiff may now include that material in his responsive memoranda.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Eickhoff defendants' motion to strike plaintiff's opposing memorandum and supporting affidavits (doc. #136) is granted.  For essentially the same reasons, the court also sua sponte strikes plaintiff's memorandum in opposition to defendant Rhodes' motion for summary judgment.

**IT IS FURTHER ORDERED THAT** on or before **November 17, 2006**, plaintiff shall file a motion seeking appointment of counsel or shall file responses in opposition to the defendants' motions for summary judgment, this time in compliance with the procedural and evidentiary rules associated with such motions.  If plaintiff files responses to the defendants' motions within this time period, then defendants shall have the time provided for in the court's local rules to reply.  The arguments and authorities section in any such reply shall be limited to thirty pages.

**IT IS SO ORDERED** this 31st day of October, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
