**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROBERT L. FERLUGA,**

      **Plaintiff,**

      **v.**                        **Case No.  05-2338-JWL**

**STEPHANIE EICKHOFF, et al.,**

      **Defendants.**

_____

**MEMORANDUM AND ORDER**

Plaintiff Robert L. Ferluga filed this lawsuit based on allegations that various city officials and related individuals acted in concert to prevent his desired use of a tract of land that he owns in Edwardsville, Kansas.  In June and July of 2007, defendants filed various motions for judgment on the pleadings (docs. #187, #201, #203, #205, #207, #209, and #211).  The court granted plaintiff two extensions of time to file responses to these motions, with the final deadline having been set as December 28, 2007.  When plaintiff did not file the required responses by that deadline, the court ordered plaintiff to show cause on or before January 14, 2008, why he failed to file responses to defendants' motions for judgment on the pleadings or else the motions would be considered and decided as uncontested, *see* D. Kan. Rule 7.4, and the court would dismiss the case for plaintiff's failure to prosecute and/or to comply with a court order, *see* Fed. R. Civ. P. 41(b).  For the reasons explained below, the court finds that dismissal of this case is warranted.

By way of background, this case has a long and tortured procedural history which begins with a series of prior orders on defendants' motions to dismiss plaintiff's complaint. *See Ferluga v. Eickhoff*, Case No. 05-2338-JWL, 2006 WL 1933761, at *1-*4 (D. Kan. July 12, 2006); *Ferluga v. Eickhoff*, 236 F.R.D. 546 (D. Kan. 2006); *Ferluga v. Eickhoff*, 408 F. Supp. 2d 1153 (D. Kan. 2006). Following the issuance of these orders, on October 31, 2006, the court issued an order striking plaintiff's responses to defendants' motions for summary judgment because of the numerous procedural deficiencies in plaintiff's response. *Ferluga v. Eickhoff*, Case No. 05-2338-JWL, 2006 WL 3144218, at *1-*4 (D. Kan. Oct. 31, 2006). The court directed plaintiff to file a motion seeking appointment of counsel or to file new responses in opposition to those motions in compliance with the procedural and evidentiary rules associated with such motions. *Id.*

Plaintiff did not seek appointment of counsel or file new responses, but instead opted to retain counsel himself. At a telephone status conference, the court vacated defendants' motions for summary judgment and granted plaintiff leave to file a fourth amended complaint. Counsel for plaintiff filed the fourth amended complaint on April 23, 2007. In June and July of 2007, defendants filed a series of motions for judgment on the pleadings. On August 27, 2007, plaintiff's counsel withdrew from the case because Mr. Ferluga had terminated his services and requested that he withdraw from the case. The court subsequently granted plaintiff two extensions of time to respond to defendants' pending motions for judgment on the pleadings. The last of these deadlines was set as December 28, 2007. When plaintiff did not file the required responses by that deadline, the court ordered

plaintiff to show cause on or before January 14, 2008, why he failed to file responses to

defendants' motions for judgment on the pleadings or else the motions would be considered

and decided as uncontested, *see* D. Kan. Rule 7.4, and the court would dismiss the case for

plaintiff's failure to prosecute and/or to comply with a court order, *see* Fed. R. Civ. P. 41(b).

The court further directed plaintiff to file responses in opposition to defendants' motions on

or before January 14, 2008.  Court records establish that this order was served on plaintiff

by certified mail on January 11, 2008 (doc. #231).  Plaintiff still has not responded to the

court's order to show cause and he still has not filed responses to defendants' motions.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute

or defend a case, or for failing to comply with local or federal procedural rules." *Reed v.*

*Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Because dismissal is a severe sanction, it

should be imposed only if a "lesser sanction would not serve the ends of justice." *Id.*

(quotation omitted).  In evaluating whether dismissal is an appropriate sanction, the district

court should consider the following factors: (1) the degree of actual prejudice to the opposing

party, (2) the degree of interference with the judicial process, (3) the litigant's culpability,

(4) whether the court warned the party in advance that dismissal of the action would be a

likely sanction for noncompliance, and (5) whether a lesser sanction would be effective.

*Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in

*Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)).  It is within a court's discretion to

dismiss a case with prejudice if, after considering all the relevant factors, it concludes that

dismissal alone would satisfy the interests of justice.  *Ehrenhaus*, 965 F.2d at 913.

Turning to the first factor, defendants have clearly suffered prejudice by plaintiff's failure to respond to their motions for judgment on the pleadings and failure to actively prosecute this case. Mindful of plaintiff's status as a pro se litigant, the court has been generous in repeatedly permitting plaintiff to amend his complaint. And, as a consequence, defendants have repeatedly challenged (mostly with success) the sufficiency of the allegations in the various versions of plaintiff's complaints. Defendants' currently pending motions for judgment on the pleadings are essentially their fourth challenge to the sufficiency of the allegations in plaintiff's complaint. At this point in time, they have devoted substantial resources to attempting to ascertain the nature of plaintiff's allegations against them. They also have undoubtedly devoted substantial resources to preparing their currently pending motions. Yet plaintiff has failed to respond to those motions. By plaintiff's failure to respond, those motions remain lingering on the court's docket and defendants are continuing to be subjected to potentially unmeritorious litigation against them. *See, e.g.*, *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (finding the plaintiffs prejudiced the defendants by causing delay and mounting attorney's fees).

The second factor also supports dismissal of this action. The manner in which plaintiff has prosecuted this case (or, perhaps more accurately, not prosecuted this case) since approximately late 2006 has risen to the level of interfering with the judicial process significantly. When the court recognized that plaintiff did not possess the expertise necessary to represent himself effectively at the summary judgment phase, the court suggested that he seek appointment of counsel. Plaintiff chose to retain his own attorney,

who later withdrew at his behest. *See, e.g.*, *Jones*, 996 F.2d at 266 (in affirming dismissal, noting that the fact that the plaintiffs did not have the benefit of counsel at various times was a problem of their own making). At that point, plaintiff was confronted with the task of responding to defendants' motions on his own and he still has not done so despite repeated, significant extensions of time. These motions have now been pending for six and seven months, and plaintiff's failure to respond to them has significantly delayed resolution of the motions themselves as well as the entirety of the case. Thus, plaintiff has inconvenienced the court and defendants.

The third factor focuses on the plaintiff's culpability. This factor weighs heavily in favor of dismissal. Early on in this litigation, plaintiff demonstrated himself to be an eager litigant who abided by this court's deadlines and demonstrated a certain degree of knowledge about the applicable law. This stands in stark contrast to his more recent behavior, which reflects a relative lack of interest in continuing to prosecute this case. Based on plaintiff's demonstrated knowledge of the legal process during the procedural history of this case, the court has no doubt that Mr. Ferluga is well aware of his obligation to respond to the pending motions. He simply has chosen not to do so.

The fourth factor is also satisfied. The court's order to show cause warned plaintiff that his failure to respond would result in dismissal of his case, and the docket reflects that plaintiff was served with that order by certified mail on January 11, 2008. Consequently, plaintiff has been warned that the court would dismiss his case.

Finally, the court considers the efficacy of lesser sanctions.  Here, the court has repeatedly granted plaintiff leniency in light of his status as a pro se litigant.  His interest in prosecuting this case has clearly declined significantly.  The court has repeatedly extended the time for him to respond to defendants' motions and the court has specifically warned him that his failure to prosecute this case would result in dismissal.  After carefully reviewing the record before the court and the history of this litigation, the court concludes that no remedy short of dismissal would be effective.  *See Jones*, 996 F.2d at 265-66 (dismissal of plaintiffs' action was appropriate where plaintiffs, with the threat of dismissal facing them, still refused to comply with court orders); *Ehrenhaus*, 965 F.2d at 922 (dismissal of plaintiff's action was appropriate where plaintiff intentionally failed to comply with court orders even after notice that noncompliance would result in dismissal).

After consideration of the five *Ehrenhaus* factors in light of the circumstances of this case, the court concludes that these factors weigh in favor of dismissal of this action. Defendants have suffered prejudice by virtue of having devoted resources to preparing motions for judgment on the pleadings which may very well be meritorious, but which remain unresolved so long as plaintiff is unwilling to respond to them.  Meanwhile, this is interfering with the judicial process because this case continues to linger on the court's docket without any meaningful progress toward resolution.  Plaintiff's culpability for this predicament is high, as he is well aware of his obligation to respond to these motions.  And, the court forewarned plaintiff that his failure to respond would result in dismissal and yet he

still has not done so.  At this point in time, the court believes that dismissal is the only remedy that would be effective.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' motions for judgment on the pleadings (docs. #187, #201, #203, #205, #207, #209, and #211) are granted and this case is dismissed.

**IT IS SO ORDERED** this 18th day of January, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge